UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLARD MASTERS, III | CIVIL ACTION |
| VERSUS | NO. 21-2126 |
| GRAYBAR ELECTRIC COMPANY, INC., ET AL. | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court is plaintiff Willard Masters III's motion to remand.[1] After reviewing the notice of removal,[2] the motion to remand,[3] and the applicable law, the Court finds that it lacks jurisdiction over this case and thus grants plaintiff's motion to remand. Accordingly, the Court no longer requires the parties to participate in the telephone status conference.

### I. BACKGROUND

This case arises out of plaintiff Willard Masters III's alleged asbestos exposure through his employment at Avondale Shipyards.[4] In July 2020, plaintiff was diagnosed with asbestos-related mesothelioma.[5] Plaintiff filed a lawsuit in state court on April 30, 2021 to recover damages and personal

---

[1]  R. Doc. 4.
[2]  R. Doc. 1.
[3]  R. Doc. 4.
[4]  R. Doc. 1-2 ¶ 12.
[5]  *Id.* ¶ 18.

injuries he sustained from his alleged exposure to asbestos from 1949 to 1978.[6] He alleged claims for negligence under Louisiana law against a number of defendants, including Graybar Electric Company, Inc. ("Graybar"), and Taylor-Seidenbach, Inc. ("Taylor-Seidenbach").[7]

Plaintiff is a citizen of Louisiana, as is defendant Taylor-Seidenbach.[8] Defendant Graybar is a New York corporation with its principal place of business in Missouri.[9] At the close of a seven-day jury trial of the case, Taylor-Seidenbach moved for a directed verdict. Plaintiff opposed the motion, and the motion was ultimately denied. Plaintiff and both defendants made closing statements to the jury, and the jury began deliberations on November 16, 2021. The next day, Graybar filed a notice of removal in this Court.[10] The notice of removal asserts that plaintiff abandoned his claims against Taylor-Seidenbach, the non-diverse defendant, during his closing argument, and therefore this Court had diversity jurisdiction under 28 U.S.C. § 1332.[11] Plaintiff now moves to remand the case to state court.[12] Plaintiff

---

[6] R. Doc. 1-2.
[7] R. Docs. 1-2 (Original Complaint) & 1-4 (Second Supplemental Complaint).
[8] R. Doc. 1-2.
[9] R. Doc. 1 ¶ 8.
[10] R. Doc. 1.
[11] *Id.* ¶ 11.
[12] R. Doc. 4.

argues that a remand is necessary because he never abandoned his claims against Taylor-Seidenbach, and instead "Taylor Seidenbach is a party to the case whose fault is currently being deliberated by the jury."[13]

The Court considers the parties' arguments below.

## II.  LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The "removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in the notion of comity, that removal statutes should be strictly construed. *See Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal."); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)

---

[13]   *Id.* at 1.

("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute [on removal] has defined.").

To remove a case, a defendant must file a notice of removal within thirty days of service on the defendant. 28 U.S.C. § 1446(a)-(b). All defendants who have been "properly joined and served" must either join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). If a properly served defendant fails to timely consent or join in removal, the notice is defective, and the case must be remanded. *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011) (per curiam).

But in cases that are not initially removable, a defendant may, in some circumstances, remove the case to federal court within thirty days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Further, under the "judicially-created 'voluntary-involuntary' rule," "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Weems v.*

*Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). This rule permits removal by virtue of "the voluntary (but not the involuntary) dismissal of those defendants whose presence precluded removal." *Phillips v. Uinjax, Inc.*, 625 F.2d 54, 56 (5th Cir. 1980). Plaintiff, by this "voluntary act" must "definitely and clearly indicate[] his intention to abandon or discontinue the action against a nondiverse defendant." *McLin v. Surgitex, Inc.*, No. 91-4116, 1992 WL 67801, at *2 (E.D. La. Mar. 25, 1992) (citing *Aydell v. Sterns*, 677 F. Supp. 877 (M.D. La. 1988)).

## III. DISCUSSION

This suit was initially nonremovable because both plaintiff and one of the defendants, Taylor-Seidenbach, are citizens of Louisiana, the state where the action was brought.[14] Defendant Graybar now argues that plaintiff "explicitly abandoned and extinguished his claims against the last remaining nondiverse defendant, Taylor-Seidenbach" at closing argument in the state-court trial, thereby creating complete diversity.[15] Specifically, defendant points to the following comment made by plaintiff's counsel at closing argument:

> So jury interrogatories . . . are the questions that you guys have to fill out[,] and we can make suggestions or recommendations

---

14   R. Doc. 1 at 3.
15   *Id.*

to you[,] but ultimately you 12 make your own decision. And I'm going to go through them right now [and] tell you what I suggest you do based on what I think the evidence has shown[,] and Mr. Kent will do the same thing. But you will ultimately have to decide what you think it showed and what it actually is because you're going to answer these questions. So the first question [is] "do you find by a preponderance of the evidence . . . that any or all of the following defendants were negligent and that such negligence was a substantial contributing factor in causing [plaintiff's] mesothelioma. [S]o for Graybar[,] yes. The next defendant, Mr. Lightfoot's defendant, Taylor [Seidenbach]. You haven't heard any evidence that Mr. Masters was working around Taylor [Seidenbach.] I would check [no] for that one.[16]

However, courts in this circuit have rejected abandonment arguments in cases involving similar statements. *See, e.g.*, *Davis v. Veslan Enters.*, 765 F.2d 494, 489-99 (5th Cir. 1985) (holding that plaintiff's statement in closing argument that it "boggles [his] imagination" and is "inconceivable to [him]" that the nondiverse defendant "didn't apply his brakes on the night of the accident" was not voluntary abandonment); *Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630, 636-67 (W.D. Tex. 1985) (finding no abandonment when plaintiff's counsel "admitted that he saw no basis under the evidence for returning a verdict against the Texas defendants"); *Derouen v. Anco Insulations, Inc.*, No. 21-215, 2021 WL 4450238, at *5 (M.D. La. Aug. 27, 2021), *report and recommendation adopted sub nom. Derouen v. Brake Parts Inc., LLC*, No. 21-215, 2021 WL 4444721 (M.D. La. Sept. 28, 2021)

---

16   R. Doc. 1-5 at 43:8-25 (Plaintiff's Counsel Closing Statement).

(finding no abandonment where plaintiffs' "proposed jury instructions and interrogatories" effectively "dropped the [nondiverse] defendants").

Although some courts have found voluntary abandonment based on plaintiff's statements at closing argument, such cases are both factually distinct and non-binding on this Court. In *Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979), plaintiff's counsel told the jury in closing argument: "[D]on't give a verdict against Ralph [the nondiverse defendant.] We're not actually suing Ralph because we've found out now . . . that Ralph was telling the truth." *Id.* at 332. The *Heniford* court held that, based on these statements, plaintiff had expressly dismissed the nondiverse defendant, and the case was therefore removable to federal court, despite that no formal order of dismissal had been entered. *Id.* at 333.

But *Heniford* is neither binding nor persuasive in this case. As an initial matter, the Fifth Circuit has never explicitly adopted the reasoning in the *Heniford* opinion. *See Davis v. Veslan Enters.*, 765 F.2d 494, 489 (5th Cir. 1985) (noting that "[e]ven assuming the persuasive value of the *Heniford* opinion—a question this Court need not reach here—plaintiff['s] arguments to the jury plainly failed to create the abandonment of claims against the [non-diverse] defendants"). And even if the Fifth Circuit had found *Heniford* persuasive, this case is distinguishable. Unlike in *Heniford*, plaintiff never

7

states that he "absolutely did not want the jury to return a verdict against the [nondiverse] defendants." *See Aynesworth*, 604 F. Supp. at 636-67 (distinguishing the case from *Heniford* because although plaintiff presented "most of the evidence" against the diverse defendant that "does not amount to a voluntary dismissal"). Instead, plaintiff's counsel in his closing statement said that it is his *recommendation*, based on the evidence, that the jury find that Taylor-Seidenbach was not negligent in the case. Plaintiff goes out of his way to emphasize several times that this is just his suggestion, and that it is ultimately the jury's decision. Counsel's recommendations are just that—recommendations—which this Court does not construe as a binding intention to discontinue a claim against Taylor-Seidenbach. Instead, given that Taylor-Seidenbach remains on the jury verdict form as a defendant that jurors could find liable, the Court does not to conclude that counsel's statements amount to an express abandonment of his claim. Moreover, the argument that plaintiff voluntary dismissed Taylor-Seidenbach is further undermined by plaintiff's opposition to Taylor-Seidenbach's motion for a directed verdict.[17]

Additionally, there is no indication that defendant Taylor-Seidenbach believed that plaintiff had abandoned his claims against it during closing

---

17   R. Doc. 4-3 at 3:7-32.

8

arguments. Instead, even after plaintiff's closing argument, counsel for Taylor-Seidenbach gave a closing argument to the jury, and actively participated in the conclusion of the case.[18] *See Davis*, 765 F.2d at 499 (noting that the nondiverse defendants "did not draw solace from the alleged abandonment of claims against them" and instead "continued to attempt to reach a settlement with [plaintiff]").

Although plaintiff may have focused his closing statement on Graybar's liability, he did not expressly abandon his claims against the remaining Louisiana defendant. Indeed, the Court's review of the caselaw reveals no case that found abandonment on a record like this one. Based on the lack of caselaw and the well-established principle that "[a]ny ambiguities are construed against removal," *Manguno*, 276 F.3d at 723, the Court finds that defendant has not shown a voluntary, express, and clearly stated intent by plaintiffs to abandon its claims against Taylor-Seidenbach. Accordingly, this case must be remanded for lack of diversity jurisdiction. 28 U.S.C. § 1447(c).

---

[18] R. Doc. 1-5 at 68:26-69:24.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand. This matter is REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __18th__ day of November, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE